IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVE LYNN THOMPSON, #129152                                                     PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:13cv991-FKB

MTC, LIEUTENANT JONES, AND                                      DEFENDANTS
WARDEN FRANK SHAW

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment [24] and supporting Memorandum in this suit founded upon 42 U.S.C. § 1983. Plaintiff has failed to file a response. For the reasons set forth below, the Court finds that the Motion [24] should be granted, and this case should be dismissed.

### I. PROCEDURAL HISTORY

The Court previously held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Thompson is proceeding in this matter *in forma pauperis* and *pro se*.

In this action, Plaintiff alleges that Defendants violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). Defendants are Lieutenant S. Jones, Warden Frank Shaw, and Management & Training Corporation ("MTC"), which

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

operates EMCF.  In his complaint, Thompson made claims related to RVR #17890, which he received in August 2012 while housed at EMCF.  First, Thompson alleged due process claims regarding a disciplinary hearing and the resulting reclassification related to RVR #17890. This Memorandum Opinion and Order addresses those claims. Second, Plaintiff asserted claims regarding his conditions of confinement while housed in administrative segregation resulting from the RVR, which have been dismissed for his failure to exhaust administrative remedies.[2]

Turning to his remaining claims, Thompson alleges several claims regarding RVR #17890.  He alleges that he suffered due process violations during the disciplinary hearing on RVR #17890, which was conducted by Defendant Jones.  After he was found guilty of the RVR, Thompson was punished by "objective reclassification" and subjected to administrative segregation. Thompson claims that his reclassification and administrative segregation violated his constitutional protections because he lost privileges while he was in administrative segregation.  Thompson appealed his conviction through the Administrative Remedy Program, and Defendant Warden Frank Shaw responded at the first step.  At the omnibus hearing, Thompson stated that he had sued Defendant Shaw because Shaw failed to investigate the appeal properly and denied his appeal.  Thompson also testified that he had sued MTC because it is responsible for its officers.

With this action, Thompson seeks to have RVR #17890 overturned and removed from his file and records. [1] at 7.  He also desires that his custody be reviewed and that he be reclassified. *Id.*  Finally, Plaintiff seeks monetary compensation for filing fees, court costs, damages,

---

[2]In a Memorandum Opinion and Order [26], the Court granted Defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies [19] based on Thompson's time in administrative segregation resulting from RVR #17890.

suffering, and mental anguish. *Id.*

The Court will address these claims, in turn.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633.  "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" *Hicks v. Brysch*, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing *Tacon Mech. Contractors v. Aetna Cas. and Sur. Co.*, 65 F.3d 486, 488 (5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

In addition, "if it becomes evident that the plaintiff has failed to state or otherwise to

establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).

### III.  Discussion

Having considered Defendants' filings, Plaintiff's omnibus hearing testimony, and the Complaint, the Court finds that summary judgment should be granted in favor of Defendants.

#### A.  Claims Against Defendant Jones

Plaintiff alleges that Jones violated his constitutional Due Process rights during the administrative hearing related to RVR #17890. He alleges that he asked for, but was not allowed, witnesses at the administrative hearing on the RVR.  Plaintiff also alleges that the resulting administrative segregation and reclassification violated his rights when he lost privileges such as the ability to earn good time, the ability to work, and the ability to transfer to another facility.

The Court first turns to the Due Process claims related to the administrative hearing. "To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake." *Williams v. King*, 2012 WL 5207550 (S.D. Miss. Oct. 22, 2012)(Civil Action No. 2:12cv78-KS-MTP).  Pursuant to *Sandin v. Conner*, liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472, 483-484 (1995).   Moreover, the Fifth Circuit's case law is clear "that a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Plaintiff was given a hearing on the RVR, but he is displeased with the results.  As

Defendants point out, Thompson had the opportunity to list witnesses to testify on his behalf, but he signed the RVR without listing any. [24-1] at 3. In his filings, he admits that he testified during the hearing. [9] at 1-2. Plaintiff's allegation that Defendant Jones failed to identify him and that he was denied an opportunity to call witnesses at his administrative hearing simply do not rise to the level of a constitutional violation. *See Smith v. Anderson*, 2013 WL 1182995, (S.D. Miss. Feb. 13, 2013), *adopted*, *Smith v. Anderson*, 2013 WL 1182984 (S.D. Miss. Mar. 21, 2013). Just as in *Smith*, "Plaintiff's claims that Defendants violated several MDOC policies and procedures during the disciplinary hearing and the ARP process do not violate the Constitution." 2013 WL 1182995 at *4.

Plaintiff's claims related to being housed in administrative segregation resulting from the RVR also fail to rise to the level of a constitutional violation. In *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996), the Fifth Circuit held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." A prisoner § 1983 suit making such a due process claim is frivolous under 28 U.S.C. § 1915A. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

Furthermore, Plaintiff's claims regarding his reclassification and the resulting loss in privileges do not rise to the level of a constitutional violation. "Under *Wilson v. Budney*, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other

constitutional violation arising from his classification is indisputably meritless." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case).

For these reasons, Plaintiff's claims against Jones fail to rise to the level of constitutional violations. Therefore, Jones is entitled to summary judgment on these claims, and the claims are hereby dismissed with prejudice.

### B. Claims Against Defendant Shaw

Plaintiff alleges that Defendant Warden Shaw violated his constitutional rights by failing to investigate Plaintiff's RVR during his appeal in the Administrative Remedy Program and by denying his appeal. This claim, based solely on Shaw's handling of the appeal of the RVR, does not rise to the level of a constitutional violation. *See Smith*, 2013 WL 1182995 at *4 ("Plaintiff's claim that Ronald King failed to adequately investigate his grievance and grant him relief during the second step of the ARP fails to state a claim upon which relief may be granted."); *see also Dehghani v. Vogelgesang*, 226 F. App'x 494, 495 (5th Cir. 2007)(holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation). Accordingly, Defendant Shaw is entitled to summary judgment as to all of Plaintiff's claims against him.

### C. Claims Against Defendant MTC

Finally, Plaintiff alleges claims against MTC, arguing that it is responsible for the conduct of its officers who violated his constitutional rights. Well-settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. *See Monell v. Department of Social Services,* 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th

Cir.1985) (per curiam).  "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

At the omnibus hearing, Thompson testified that he had sued MTC because it was responsible for its officers. He did not allege that MTC was personally involved in acts that caused constitutional deprivation, or that it had implemented unconstitutional policies. Accordingly, because his claims against MTC sound in *respondeat superior*, they cannot stand in this § 1983 action, and MTC is entitled to summary judgment on this basis.

## IV.  Conclusion

Thus, for the reasons stated above, the Court finds that Defendants are entitled to summary judgment. Accordingly, as set forth in this Opinion, Plaintiff's remaining claims against Defendants are dismissed with prejudice.

Furthermore, because certain claims in this case are found to be legally "frivolous" pursuant to the Prison Litigation Reform Act and 28 U.S.C. § 1915(e), this dismissal will be counted as a "strike." See Brown v. Harrison County Cir. Ct., 2007 WL 1306422 (S.D. Miss. 2007)(J. Guirola).  If the plaintiff receives "three strikes," he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or an appeal.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 9th day of March, 2015.

                                           /s/ F. Keith Ball  
                                           UNITED STATES MAGISTRATE JUDGE